# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DOROTHY LEWIS,

      *Plaintiff*,

vs.

Case No. 08-1155-EFM

WYANDOTTE GAMING ENTERPRISES,
d/b/a 7TH STREET CASINO,

      *Defendant.*

## MEMORANDUM AND ORDER

Presently before the Court is Defendant's Motion to Strike Plaintiff's Reply in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 33). For the following reasons, the Court grants the motion.

### I. Background

Defendant filed a Motion for Summary Judgment on August 15, 2008 (Doc. 19). Plaintiff timely filed her Response October 1, 2008 (Doc. 28)[1], and then filed an Amended Response on October 7, 2008. Defendant filed its Reply on October 23, 2008. On November 6, 2008, and without leave of the Court, Plaintiff filed a Reply is Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 32) ("Plaintiff's Surreply").

---

[1] Plaintiff requested, and was granted, an extension of time to file her Response to Defendant's Motion for Summary Judgment. Docs. 21, 31.

## II. Analysis

Defendant now moves the Court to strike Plaintiff's Surreply on the grounds that Plaintiff failed to first obtain leave of the Court prior to filing. Defendant argues that permitting Plaintiff to "file an endless stream of replies goes against the policy of efficiency imposed by the Federal and Local rules of procedure."[2] Citing Local Rule 6.1(d)(1), Plaintiff counters that replies are to be filed within fourteen days of the service of the response, and "there is absolutely nothing stated in Local Rule 6.1(d)(1) precluding the limitation for the filing of replies with the district court."[3]

First, the Court notes that because Defendant has filed a dispositive motion, Local Rule 6.1(d)(2) applies rather than 6.1(d)(1). Nevertheless, Plaintiff is correct that Local Rule 6.1(d) does not place a limitation on the number of replies a party may file. Plaintiff, however, fails to take into consideration the remaining Local Rules of this Court. Local Rule 7.1, addressing Motions in Civil Cases, provides guidance for filing responses and replies to motions. The rule provides, in part:

> Within the time provided in D. Kan. Rule 6.1(d), a party opposing a motion shall file and serve a written response to the motion containing a short, concise statement of its opposition to the motion, and if appropriate, a brief or memorandum in support thereof. *The moving party* may file and serve a written reply memorandum.[4]

This rule is clear that the party opposing a motion may file a response, and after a response is filed, the moving party, not the opposing party, may file a reply. The rule makes no allowance for a surreply as a matter of right.[5] When a motion is not permitted as a matter of right, the party desiring to file the motion must first request leave of the Court, and if such request is granted, the party

---

[2] Doc. 33 (Defendant's Motion to Strike).

[3] Doc. 36 (Plaintiff's Response in Opposition to Defendant's Motion to Strike).

[4] D. Kan. R. 7.1(c) (emphasis added).

[5] *See Metzger v. City of Leawood*, 144 F. Supp. 2d 1225, 1266 (D. Kan. 2001); *see also Humphries v. Williams Natural Gas Co.* 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998) (unpublished opinion) (Surreplies are permitted in rare cases, but not without leave of court).

would then have ten days from the order granting leave to file the motion.[6]

In the instant case, the record reflects, and Plaintiff admits, that Plaintiff's Surreply was filed without first requesting leave of the Court. Plaintiff has offered no excuse or justification other than to argue that leave of the Court is not required. The Court finds Plaintiff's argument without merit. Plaintiffs are not excused from procedural rules simply because they are proceeding *pro se*.[7] *Pro se* plaintiffs must follow not only the federal rules of procedure, but must follow local rules as well.[8] The Court, therefore, grants Defendant's Motion to Strike Plaintiff's Surreply, and the Court will disregard Plaintiff's Surreply in analyzing Defendant's Motion for Summary Judgment.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (Doc. 33) is hereby GRANTED.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2008, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[6] D. Kan. R. 15.1.

[7] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

[8] *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940; *Campbell v. Meredith Corp.*, 260 F. Supp. 2d 1087, 1097 n.10 (D. Kan. 2003).