# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DOROTHY LEWIS,

    *Plaintiff*,

vs.

WYANDOTTE GAMING ENTERPRISES,
d/b/a 7TH STREET CASINO,

    *Defendant.*

Case No. 08-1155-EFM

## MEMORANDUM AND ORDER

Presently before the Court is Plaintiff's Motion for Review of Magistrate Judge Karen M. Humphreys' January 22, 2009 Order denying Plaintiff's Motion to Strike all of Defendant's pleadings (Doc. 66). The Court finds that a response from Defendant is unnecessary, and for the reasons set forth below, Judge Humphreys' Order is affirmed.

### I. Background

Plaintiff filed a Motion to Strike all of Defendant's pleadings in this case filed and signed by Defendant's attorney Hilary L. Velandia. Plaintiff's primary argument for her motion was that Ms. Velandia lacks legal standing or authority in this case because she did not move the court to appear *pro hac vice*, and she failed to submit a formal entry of appearance following the requirements set forth in local rules. Plaintiff points to the fact that Ms. Velandia practices for an Oklahoma law firm, and she is domiciled in Oklahoma.

Magistrate Judge Humphreys' denied Plaintiff's motion. In her ruling, Judge Humphreys indicated that it was unnecessary for Ms. Velandia to be admitted *pro hac vice* because she is already admitted to practice before this Court. Plaintiff subsequently filed the instant motion, asserting essentially the same arguments as in the motion addressed by Judge Humphreys.

## II.  Standard of Review

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order that it finds to be "clearly erroneous or contrary to law."[1] "To be clearly erroneous, a decision must strike [the Court] as more than just maybe or probably wrong."[2] The Court does not conduct a de novo review when reviewing factual findings, but applies a more deferential standard that requires the moving party to show that the magistrate judge's order is clearly erroneous.[3] In contrast, the "contrary to law" standard permits independent review of legal matters.[4] But because a magistrate judge has broad discretion in resolving non-dispositive discovery matters, the Court is required to affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."[5]

## III. Analysis

In her Motion for Review, Plaintiff argues that Ms. Velandia failed to enter her appearance pursuant to the terms of the District of Kansas Local Rule 5.1(d) and she has failed to move the

---

[1] 28 U.S.C. § 636(b)(1)(A); *First Union Mortgage Corp. v. Smith, 229 F.3d 992, 995 (10th Cir.* 2000); Fed. R. Civ. P. 72(a).

[2] *Parts & Elec. Motors, Inc. v. Sterling Elec.*, 866 F.2d 228, 236 (7th Cir. 1988).

[3] *See Burton v. R.J.. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

[4] *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005).

[5] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (the district court generally defers to the magistrate judge and overrules an order only for a clear abuse of discretion).

Court, pursuant to Local Rule 83.5.4(a)(c), for admittance *pro hac vice*. Plaintiff contends that Ms. Velandia was without authority to file any documents with this Court, and as a result, all pleadings filed by Ms. Velandia should be struck from the record.

Appearance *pro hac vice* is only required for those attorneys not already admitted to practice before this Court. The local rule provides, in part:

> [P]ersons *not admitted to practice in this court* who are members in good standing of the bar of another state or of the bar of another federal court may, upon motion made by a member of the bar of this court in good standing , be admitted for the purposed of a particular case only.[6]

Ms. Velendia is an attorney licensed to practice law in Kansas, and has been admitted to practice before this Court pursuant to Local Rules 83.5.2 and 83.5.3. Accordingly, Ms. Velandia's office location and place of domicile has no relevance to this issue. Moreover, she is not required to be admitted separately just for this particular case. Ms. Velandia is properly admitted before this Court for this case.

Ms. Velendia has also appropriately entered her appearance in this case. An attorney can enter appearance by either formally signing and filing an entry of appearance, or by signing the initial pleading or motion in a case that in addition to the attorney's signature, includes the information required by Local Rule 5.1(c).[7] Local Rule 5.1(c) requires that the pleading contain the attorney's address, telephone number, facsimile number, email address, and state supreme court registration number.[8] An attorney meeting this standard has entered an appropriate appearance.

Here, Ms. Velandia has met the appropriate standard to enter her appearance in this case.

---

[6] D. Kan. R. 83.5.4 (emphasis added).

[7] D. Kan. R. 5.1(d).

[8] D. Kan. R. 5.1(c).

First, Ms. Velandia signed Defendant's Answer to Plaintiff's Complaint, which was Defendant's initial pleading in this case.[9] Under Ms. Velandia's signature is her Kansas Supreme Court registration number, along with all other information required by the local rule. There is no requirement that, in addition to signing this initial pleading, Ms. Velandia must file a separate formal entry of appearance. The Court, therefore, finds that Ms. Velandia has appropriately entered her appearance.

The Court concludes that Magistrate Judge Humphreys' January 22, 2009 Order was not clearly erroneous or contrary to law.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Review of the Magistrate Judge's January 22, 2009 Order (Doc. 66) is granted, and that the Magistrate's Order (Doc. 57) is AFFIRMED.

**IT IS SO ORDERED.**

Dated this 3rd day of March, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[9] Doc. 6 (Defendant's Answer).